Mr. Powell, welcome back. Good morning, Your Honor. How are you? I'm fine. Cooling off here in San Francisco, so we're warming up. Oh, my. Well, we started out, when I wrote this brief, this was an issue of first impression, and this Court spoke at least somewhat on this issue yesterday. I've supplied that case, a copy of the case, to Mr. Bort, the prosecutor, and I also supplied one to the Court, because I thought it was important that the Court at least have the information that Senator Gomez had in this case. What the issue is here is we're trying to determine whether or not statutory rape qualifies under the guidelines or, in my view, under the statute as an aggravated felony. Now, what the Gomez case says, at least the California D version did. The case, the conviction we have is the C version of 261.5, and the difference is the age of the — the age of the person that's unable to consent. Now, as the Gomez court pointed out, the central feature of statutory rape is the age of consent as set by a particular statutory law. Now, as we pointed out, and this was briefed originally, the Gomez court in this particular case only did half of a Taylor analysis, basically. And it didn't matter in that particular case, because this Court has consistently said, and at page 27, our brief, that when the victim or the non-consenting person or unable to non-legally consenting person is below 16, that qualifies as a named statutory aggravator or statutory aggravated felony, sexual abuse of a minor. This Court's consistently held that under this analysis for years. Now, I say the Gomez court did a half a Taylor analysis because, as they pointed out, that the age of consent as set by statutory law in a particular State. As we pointed out, what the Supreme Court said in Taylor is, is that since this is a Federal law, we have to come to a uniform definition of that particular element of the crime to come to the generic enhancement version of it, just as they did in Taylor when they said, well, they contrasted California's burglary statute, which doesn't necessarily involve a dwelling with Michigan's, which does. So if we're going to have a uniform nationwide application of this, then we have to look to those, at least the majority of States. Kennedy, doesn't the State, though, set the penalty and decide whether it's an aggravated felony or not? Well, the State sets the elements, Your Honor, but the Federal court has to look at a uniform definition. Otherwise, and what would happen in this case, as we pointed out, because the C version of the California statute, in California, the age of consent is 18. That's a distinct minority across the country. But California said the age of consent is 14. Well, some States do that, Your Honor. But so what we have to do now is, and this is what Taylor tells us, is we have to find a definition, and if some of them are under and some of them are over, that's fine, but we have to look at the majority of States and over 30 States now, including the Federal court, Federal jurisdiction, say that the age of consent is 16. And our argument is, is that 16 is the age under uniform definition under Taylor. What Federal statutes use 16? I believe it's sexual abuse of a minor, Your Honor. I think I cited it in a brief. It's in the 2200 section. I think it's 18 U.S.C. 2240-2304. It's in that section, Your Honor. But that's one of the jurisdictions that says that, is that sexual abuse of a minor for Federal law, and that's Federal inclined law, is 16. So I think if we're looking at a uniform definition, then the age of consent that reflects the age of consent in the majority of the States, if we're going to apply it Federally, would be 16. Now, and that's our point with the California 261.5c is it's between 18 and 16. And we cited the Lopez-Solis case, and it came from the – it's out of the – out of Tennessee, where Lopez found that, well, it didn't qualify as a, you know, as a statutorily defined crime of violence by Congress, nor as sexual abuse of a minor. And the point to that is this, Your Honor. Under – if we're – if our argument is, is that the sentencing commission cannot create an aggravated felony, name one, that Congress hasn't, and there's a particular reason for that. The reason is that that would allow the Court, even under a guideline sentence, to find an aggravated felony and enhance the sentence past the statutory maximum that's allowed under B-1. Scalia. Don't the guidelines say that it includes statutory rape, and then to find what statutory rape is, you go to the State law, which is California? Well, I – well, the guidelines can say, and we don't have a problem with the sentence commission say, look, we're going to equate certain crimes with a crime of violence, which is a named aggravated felony under the statute under 8 U.S.C. 1101A43. That's fine. But they cannot create one. They equate several, right? They say, well, there's a whole bunch of them. Manslaughter and statutory rape. That's correct. And I don't think there's anything wrong with them saying that these crimes, if they fit a tradition – if they fit the definition of one of the aggravated felonies that Congress has said, these are aggravated felonies, Congress has never said statutory rape is an aggravated felony. It's not. The guidelines do. The guidelines do. But Congress gets to set the maximum penalty. The guidelines don't. So if the guidelines are saying that this is an aggravated felony because they equate it with a crime of violence, then a judge under an advisory B guidelines would be free to sentence that person to 20 years, which is the maximum upon finding an aggravated felony under the statute under B-2. But I don't believe that Congress delegated that authority to change the maximum sentence to the sentencing commission. So in effect, what we're saying now is, is that if we decide that this is an aggravated felony, a judge is free to sentence up to the max, but the max for a felony simple, as the United States Supreme Court called it in Lopez-Gonzalez, is – has less collateral consequences. And the fact is, the difference between a prior felony conviction and a prior aggravated felony conviction, the difference in the maximum sentence is 10 years. So you go from 10 to 20, and I don't believe that the sentencing commission can authorize that, that kind of a punishment. So you're saying the statute trumps the statute. Always. In Stinson, the United States Supreme Court said that. In fact, Gomez said that exactly, that if the statute, if the guideline is in conflict with the statute, the statute trumps. And I would like to reserve a few minutes for rebuttal. And let's be quick. Yes, ma'am. The question, counsel, there are no judicially noticeable documents here which would allow a modified analysis, is that correct? That's correct, Your Honor. What we have is a pleading document in the statutory language which confines the age between 18 and 16. Okay. We have a couple of minutes left. We'll hear from the governor at this time, Mr. Bork. Welcome back to you. Thank you, sir. Good morning. I'm Robert Bork, United States Attorney's Office in the District of Nevada. Our primary disagreement with counsel's claim that the statute trumps the guideline is, is the statute is totally separate from sentencing and the guidelines. The statute that he says, excuse me, trumps our guideline is the immigration statute, Title VIII, 1101A43, which defines aggravated felony for immigration purposes. Now, at one point, when the guidelines were first put together, the guidelines for 1326 cases under 2L1.2 directly cited that statute and said anyone convicted of an aggravated felony gets the 16-level increase. But then as that evolved, and that's really what it did, and the case laws called it that, and when, understandably, judges, defense attorneys, and some prosecutors I'll say, too, complained that that was too harsh, that the number of crimes under 1101A43 is just everything from stealing a car to selling five tons of cocaine was a 16-level. And so in 2001, they did make the amendment. And at that point, they included forcible sex crimes, and they put in parentheses including sexual abuse of a minor. What's the difference between the California statute subsection D and C? It's the age difference. C, the victim only has to be under 18 years of age. And whereas they both are statutory rape. Yes. Okay. Just have a different penalty, is it? That's correct. They have different penalties. In this case, though, it's clear this was a felony conviction. The defendant was initially given probation, and then in less than a month, he violated that probation and was given a 16-month sentence. So that's not in dispute. Under C, if the victim is under 18 and the perpetrator is over 3 years older or more. So 21-plus. That's correct. And D, if the victim is under 16 and the perpetrator is 21-plus. Yes. Okay. I believe that's correct. Now, after the 2001 amendment, this Court actually did address the issue that was the same argument was raised, and that is that now what were now crimes of violence, as opposed to the new 16-level increase, had to also be an aggravated felony. And in the Pimpin Tell Flores case, and I'm sure I'm mispronouncing that, the Court rejected that and indicated that we're talking about two different definitions. We're talking about the adoption of the immigration definition of an aggravated felony as an 8-level and the definitions of crime of violence set forth by the Sentencing Commission as a 16-level. There was a further amendment in 2003, which the amendment said, and that's Amendment 658, and talked about how it built upon the 2001 amendment by clarifying the meaning of some terms. And one of the other issues they wanted to clear up was a concern that people thought that the enumerated crimes, as mentioned, manslaughter, murder, sexual assault, et cetera, also had to have an element of force or violence being used. And the guidelines rejected that, again, as had been noted in the Pimpin Tell Flores case. Counsel now tries to argue that because of a new application note, that somehow Pimpin Tell is not good law anymore. The application note in particular is note 3B in parentheses, capital B. And it reads in the pertinent part, the offense level shall be increased under section B1c, which is the 8-level enhancement, for any aggravated felony as defined under 8 U.S.C. 1101A43, with respect to which the offense level is not increased under subsections B1a or B1a or B. B1a is the crime of violence section, and B1b is the drug trafficking with a sentence of less than 13 months. What this does, this does not revert back to all crimes of violence have to be aggravated felonies. All this acknowledges is, and it's quite clear, that some crimes of violence will fit the definition of an aggravated felony under the immigration law. And what they're, of course, they're acknowledging that, and what they're saying is, is that if you fit that, you're going to get the 16-level or the 12-level, but if you still meet the aggravated felony definition under the B1c, you'll get the 8-level. So that's really all that is. It did not modify in any way this Court's interpretation of how the statutes would be applied. Briefly, just on the argument that the Fencing Commission is an interpretive body and cannot create law, I would dispute that if you look at Title 18-944a, it's the statutes that, of course, created the commission. It specifically said in there that they shall see. They'll promote and promulgate and distribute to all courts guidelines for the use of a sentencing court in determining the sentence to be imposed in a criminal case. It later on noted that the Court had to do periodic reviews and revisions of those guidelines. And then, most importantly, the procedure is, is that, of course, they just propose the guidelines. They're submitted to Congress, and they do not become law unless Congress changes them. And so Congress has the right to either modify or disapprove those guidelines. So this agency has a greater mandate than the one in the case cited by counsel. And the last pertinent issue concerns the application of the Taylor method. It does appear that that new case, the Gomez case, is important to that. That case talks about how statutory rape has been considered to be a strict liability crime for quite some time. And one of the arguments raised in that case, I noted, was that the defendant said it wasn't fair to give him the 16th level because he couldn't present a good-faith defense that he thought the person, the young victim, was over the age of majority. So I think that when you look at the evolution of this statute, when it goes from, say, enforceable sexual offense, including abuse of a minor, to adding abuse of a minor and statutory rape as a specifically enumerated crime, that should be a per se crime of violence. And because of that, I think the judge's decision was correct. Thank you. Sotomayor, I'd like you to address the issue of the need for uniformity in what is a minor. Well, I think what Taylor wants you to look at is that how is the statute violated and are there ways the statute would be violated that would not fit the definition of the statutory rape. I think that the commission clearly added that because they felt there were a number of cases that had addressed these statutory rape-type crimes that were found not to be what was at that time the only crime mentioned in the crime of violence that involved young children and sex, and that was sexual abuse of a minor. And so I think that they deliberately called it statutory rape because they wanted statutory rape, as all States do, whatever the age of minority is, all States have that to protect young women because of the potential harm to them by having sex, even if it's consensual. Now, what if the State of California had said it at 21? Would you be making the same argument? I think it would be a harder argument to make, but I don't think that it does damage to the guidelines to allow a State to say at what age a young woman can give consent and yet still also not be able to decide what she's really doing and what the potential harm is. And it's, as indicated by counsel, not all States have that. And sometimes it goes as low as 14, which I think is absurd, personally, but it has that. But I think the statute still holds up the guideline because the range of conduct still is sex with a minor, between a minor and an adult, and I think that's the focus of the crime. Well, I guess the focus has to be, though, who's a minor. That's correct. Thank you. Thank you for your argument. Mr. Butler. The idea that the guidelines in the immigration law is interpreted differently from the civil Lopez v. Gomez, the Supreme Court just says that is not true. They have to be the they have to be interpreted exactly the same in the civil context and in the criminal context. We cited that application, though, because the Supreme Court cited it as an indication that all of these, the difference between, as the Court called it, a felony simple and an aggravated felony. They cited that to say aggravated felony has more extreme consequences. Now, I don't care what Congress said about evolving guidelines. They never gave the sentencing commission the power to increase the punishment beyond the statutory maximum. And if they're allowed to create crimes or name crimes that are not named in the immigration statute as aggravated felonies, then they're acting as a legislature that can change the maximum punishment allowed under law, and that's the difference between 1326b1 and b2. And as, Judge, you said earlier, we're writing for the future, and this is the future here. This is an area, this is a confused area of law. And this is one area that needs to be cleaned up by the Court, is that just because the sentencing commission says statutory rape is an aggravated felony, that does not make it so because Congress has not said that. It's either a crime of violence or it's sexual abuse of a minor, and this circuit says this particular statute we're talking about today fits neither of those. And I think that all comes down to the idea we can define statutory rape as a subset of one of those, and that would be by saying that the uniform definition is the age of consent for the uniformity of 16, which is in accordance with a majority of the States, more than 30 at this particular time. And California is in a distinct minority, even in this circuit. And if there's no other questions, I'm going to close. Thank you. Thank you. We'll be submitted for decision. And we'll proceed to the United States against Pramuk, if counsel will come forward, please.
judges: B. Fletcher, Siler , Hawkins